EGAN, Appellant, v. DOTSON et al., Respondent.

(153 N. W. 764.)

(File No. 3750. Opinion filed July 16, 1915.)

**Libel and Slander—Newspaper Report of Judicial Proceedings—Attorney's Land Purchase From Client—Libelous per se—Complaint, Demurrer to—Innuendo, Inducement, Colloquium, Occasion for.**

Where a newspaper article, headed "Tripp Holds Against Kirkland Contention, Discards Jury Findings against Lawyer and Declares Deal O. K.", stated that Judge T. had returned a finding that E. did not conceal information from his former client, K., in settling an estate to which he fell heir, and in himself acquiring possession of the property, and that fraud was not used by E. in the transaction; that the case involved Ohio land inherited by K., of which E. acquired possession on payment of a sum which was about one-third its value; that K. claimed that E. concealed material information as to value of the property when he made the deal while acting as K's attorney; that another judge refused to hear the case and called

Judge T., who called for a jury, and that he found in part against E. and in part for him; and that the trial judge sustained the jury in its findings for E., and discarded the findings against him, giving him a clean bill of health; held, that the article, supplemented by the facts urged in the complaint, showed that it was a fair and legitimate newspaper account of a judicial proceeding, that it was not libelous per se; that there was no occasion for the office of an innuendo, inducement, or colloquium in the complaint; and a demurrer to the complaint setting forth the article was properly sustained.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by George W. Egan against C. L. Dotson and others to recover damages for libel. From a judgment dismissing the action, plaintiff appeals Affirmed.

The complaint charged, among other things, in regard to the publication of the transaction concerning the Ohio land, that by the publication defendants meant and were understood to mean that plaintiff had used fraud and deception as between attorney and client and thereby secured property of the client at a ridiculously low figure, that he was guilty of dishonesty, fraud, deception, and grossly unprofessional conduct; that the publication, wherein it referred to Kirkland's claim of concealment of information by plaintiff meant, etc., that, owing to the character of the case and the circumstances connected therewith which pointed clearly to the guilt of plaintiff, and wishing to be relieved of the necessity of finding against him Judge J. W. Jones, had refused to do his duty in hearing the case and delegated the duty to someone else; that the publication, wherein it referred to the jury's verdict, meant and was understood, etc., that the jury had found half the findings or questions against plaintiff and half for him, and that plaintiff was in fact guilty of at least part of the things charged against K., and that he was guilty, to some extent at least, of dishonesty, misrepresentation, fraud and deceit; that, wherein it referred to Judge Tripp's sustaining the findings, and giving him (plaintiff) a clean bill of health, had meant, etc., and charged that the jury had given plaintiff a bad bill of health by making of serious charges and findings against him,' as claimed by K., but that Judge Tripp, in his anxiety to give plaintiff a clean bill of health, had reversed the findings and gone against

the evidence improperly and that, although plaintiff had been exonerated by the court, he was in truth and fact guilty, etc.

*George W. Egan,* Appellant, pro se.

*U. S. G. Cherry,* and *Herbert Abbott,* for Respondents.

Appellant submitted that: The statement that appellant acquired possession of the property to which he fell heir on the payment of a sum of money "which was about one-third its value," in itself is a distinct charge of dishonesty, unprofessional conduct as an attorney, and fraud; and cited: Palmerlee v. Nottage, (Minn.) 138 N. W. 312.

Respondents submitted that: Upon all the facts alleged in the complaint, which under the demurrer both parties must concede to be true, the article is not libelous; and cited: Hansen v. Bristow, (Kan.) 123 Pac. 725; Hoffland v. Journal Co., (Wis.) 60 N. W. 263; Casselman v. Winship, 3 Dak. 292, 19 N. W. 412. That nothing is alleged by way of inducement or colloquium giving to any of the words used a libelous meaning. That the innuendo set out by the pleader is mere surplusage. There are no words in the article of doubtful or ambiguous meaning, and hence, no occasion for an innuendo; citing: Hansen v. Bristow, (Kan.) 123 Pac. 725; Wallace v. Homestead Co., (Ia.) 90 N. W. 835, 840; Howe v. Thompson, (S. D.) 150 N. W. 301; Sherin v. Eastwood, (S. D.) 131 N. W. 287; Townsend on Slander & Libel, (3d Ed.).

GATES, J. The Sioux Falls Daily Press of August 2, 1914, printed the following article:

"Tripp Holds Against Kickland Contention.

"Discards Jury Finding Against Lawyer, and Declares Deal O. K.

"That G. W. Egan did not conceal information from his former client, Theodore Kickland, aged farmer, in settling up an estate to which Kickland fell heir, and in himself acquiring possession of the property, and that fraud was not used by Egan in the transaction, was the finding Judge Tripp returned yesterday.

"The case involved Ohio land inherited by Theodore Kickland, of which Egan acquired possession on the payment of a sum which was about one-third its value.

"Kickland claimed that Egan concealed material information as to the true value of the property when he made the deal while acting as Kickland's attorney.

"Judge J. W. Jones refused to hear the case, and called Judge Tripp.

"Judge Tripp called for a jury to pass upon the facts. The jury's verdict found in part against Egan and in part for him.

"Judge Tripp sustained the jury in its findings for Egan, and discarded the findings against him, giving him a clean bill of health."

The plaintiff, considering himself libeled thereby, brought suit against defendants as publishers and editors of said newspaper. The defendants interposed a general demurrer to the complaint. The demurrer was sustained, and judgment entered dismissing the action upon its merits.

We do not entertain the idea that there is a necessity for the citation of authority in support of the decision of the learned trial court. A simple perusal of the published article, supplemented by the facts urged in the complaint, discloses that it is a fair and legitimate newspaper account of a judicial proceeding, and is not libelous per se, and that there is no occasion for the office of innuendo, inducement, or colloquium in the complaint. The only part of the article which we think merits any attention is this:

"The case involved Ohio land inherited by Theodore Kickland, of which Egan acquired possession on the payment of a sum which was about one-third its value."

This did not assert that Egan knew he was getting the land for one-third of its value, or that he otherwise acted wrongfully towards his client. Of course, a newspaper charge that an attorney had knowingly obtained land from a client at one-third its value, and that the client was ignorant of the value, would, if untrue, be libelous. But by no possible interpretation of language can the above-recited excerpt be given that meaning.

The judgment appealed from is affirmed.